Submitted February 11, affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAIME LEE JIMENEZ, SR.,
*Defendant-Appellant.*

Marion County Circuit Court
19CR32153; A173510

506 P3d 500

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julie Glick, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction of one count of attempted aggravated murder (ORS 163.095), second-degree assault (ORS 163.175), felon in possession of a firearm (ORS 166.270), delivery of methamphetamine within 1,000 feet of a school (ORS 475.892), and delivery of methamphetamine (ORS 475.890). The principal incident at issue concerned defendant shooting a police officer during a routine traffic stop. On Count 1, the trial court imposed an upward departure sentence of 240 months in prison. On appeal, defendant challenges that sentence. We affirm.

At sentencing, the trier of fact must determine, as a factual matter, whether alleged aggravating factors are present. *State v. Speedis*, 350 Or 424, 436, 256 P3d 1061 (2011). On appeal, we will not disturb those factual findings as long as they are supported by evidence in the record. *State v. Davilla*, 280 Or App 43, 59, 380 P3d 1003 (2016); ORS 138.105(8)(b). Once proven, whether facts constitute "substantial and compelling reasons" required for a departure sentence is a question of law, reviewed for errors of law. *Davilla*, 280 Or App at 68.

The trial court imposed an upward departure sentence based on four aggravating factors and indicated that any one of those factors would justify the departure. Accordingly, we need not address all of the factors considered, as we conclude that, at a minimum, the trial court did not err in concluding that prior criminal sanctions had not deterred defendant.

To find a failure to deter, a "factfinder must infer that a defendant's prior criminal sanctions should have deterred the defendant from committing the current offense." *State v. Lennon*, 348 Or 148, 157, 229 P3d 589 (2010). The factfinder may consider factors such as "the number of past convictions or sanctions, when they occurred, and the kinds of crimes that the defendant committed." *Id*.

In this case, the record shows that defendant had a criminal history spanning more than 20 years, including at least 12 criminal convictions, 32 arrest cycles in Oregon, and three out-of-state arrests. Out of defendant's 32 Oregon

arrests, 17 of them were for parole sanctions. At the time of the attempted murder offense, defendant already had four convictions for assaultive "person" crimes. In short, evidence supported the trial court's finding that prior criminal justice sanctions had not deterred defendant's criminal behavior.

Affirmed.